IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES J. KAUFMAN,

                    Plaintiff,                           ORDER

          v.                                             07-C-045-C

RICHARD SCHNEITER,
PETER HUIBREGTSE, RANDALL
HEPP, CARI TAYLOR and
RICHARD RAEMISCH,

                    Defendants.

---

On September 24, 2007, plaintiff filed a motion to compel discovery. *See* Dkt. 24. Although the state's response was due five calendar days later (*see* Preliminary Pretrial Conference Order, Dkt. 10 at 10), as of October 12, 2007, the state had not responded. Even so, plaintiff is not entitled automatically to prevail on his motion; the court must consider his demands on their merits.

Plaintiff begins his motion by setting forth four of his interrogatories and requests for production of documents directed to defendant Raemisch, to which Raemisch objected on the grounds that these requests sought information that was not available to Raemisch. Plaintiff contends that Raemisch, as Secretary of the Department of Corrections, has access to all the information necessary to answer these discovery requests; therefore, this court should compel him to provide substantive answers. I will take Raemisch at his word that he

does not personally possess this information, and I will not required him educate himself in order to provide the answers.  The state, however, must identify the person or persons who possess the requested information so that plaintiff may serve his requests on them.  The state cannot avoid providing relevant information by making plaintiff guess who has it, then declining to provide the information because plaintiff guessed wrong.  Therefore, the state forthwith must identify which employees possess the requested information; upon plaintiff's follow-up request, those employees must *provide* this information, because the state did not otherwise object to these discovery requests.

In paragraph 5, plaintiff complains that when he asked defendant Raemisch to "explain the term 'constitutional right' as that term is used in the DOC Legal Loan Extension Guidelines and in the legal loan policy statement written by Kevin Potter," the state responded that "DOC intends that term ('constitutional right') to be defined as it is by law." The state also objected that this request was vague, ambiguous and required speculation. Asking a state agency to define terms of art that it uses is the antithesis of a vague, ambiguous or speculative request; it is the state's obligation to excise any vagueness or ambiguity in its term by citing to the case law it used at the operative time to define the term, or to provide an actual definition.  To the extent that the term "constitutional right" is *intended* to be broad and all-encompassing, the state should say so, and provide an example

of how it would define the term in this specific case, or even in a case similar to the instant case.

In paragraph 6, plaintiff complains that the state did not provide a useable answer to this request:

> Explain why the denial of atheist reading materials, or the denial of publications, is not considered to be a 'constitutional right' for purposes of approving indigent postage for ICRS appeals.

*See* Dkt. 24 at 2.

The state objected to this request on the ground that it was vague, ambiguous and requires speculation, and repeated its mantra that "DOC intends that term 'constitutional right' to be defined as it is by law." *Id*. at 3.  The state's response is another non-answer. Plaintiff's request is appropriate as a contention interrogatory.  The state must provide a substantive answer to this request that includes its thought process and reasoning.  If the state disagrees with the contention implicit in plaintiff's request, it must explain the nature of its disagreement in substantive terms so that plaintiff can re-frame his request without having to guess what the state is looking for and thereby face another non-answer.

Next, plaintiff complains about defendant Schneiter's response to another constructive contention interrogat

> Explain the reasons why the papers (subject of ICRS #WSPF-2006-33818) were considered to be a publication.

*See* Dkt. 24 at 3.

The state responded that these materials were a pamphlet.  Plaintiff takes issue with this definition, claiming that the document was a stack of letter-sized paper stapled together. Plaintiff is out of luck on this one: That's the state's answer and it's sticking to it; this court cannot order the state to provide a "better" definition that plaintiff might find more satisfactory.  If he wants to argue that the state's definition is incorrect and therefore improper, he may do so at the appropriate time, but he is not entitled to a court-ordered debate over whether the state's definition and decision in the ICRS at issue was complete, accurate or correct.

So too with plaintiff's follow-up interrogatory, which is merely argumentative. The state is not required to engage in such a debate as part of discovery.  This is an issue more properly reserved for briefing on substantive issues relevant to the resolution of this lawsuit.

Accordingly, it is ORDERED that plaintiff's motion to compel discovery is GRANTED IN PART and DENIED IN PART in the manner and for the reasons stated above.

Entered this 12th day of October, 2007.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

4