IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES J. KAUFMAN,

                        Plaintiff,                        ORDER

v.

                                                  07-C-45-C

RICHARD SCHNEITER, *et al.*,

                        Defendants.

---

      Plaintiff, a frequent pro se litigator in this court, was granted leave to proceed with this particular lawsuit last February. On April 18, 2007 this court set the schedule for the case and provided the parties with the usual written advisals about keeping this case moving, including:

> As a party to a federal civil lawsuit, it is your duty to understand what you are supposed to do and when you are supposed to do it. To help you, this order explains what your duties are and what your deadlines are. This court has a number of rules that you must follow. It will not be easy to do everything that you are supposed to do, and you will not have a lot of time. Therefore, it is important for you to read this order now so that you can do things the right way.

    *See* dkt. 10 at 1-2,

With regard to the parties' response deadline for opposing summary judgment:

> **BE AWARE: you are not going to get an extension of this 30 day deadline.** The only way to get more time would be if you can convince the court that something totally unfair happened that actually prevented you from meeting your deadline, and this was completely somebody else's fault. Some things that might seem unfair to you are **not** reasons to get more time. For example . . . You will not get more time if you waited too long to get all the information you think you need to respond to the motion.

    *Id.* at 7-8.

In the pretrial conference order I set September 10, 2007 as the summary judgment motion filing deadline (later extended by one week) and set trial for February 11, 2007.

On September 17, 2007, defendants timely filed a motion for summary judgment and supporting documents. *See* dkts. 17-23. As a result, plaintiff's opposition was due on October 17, 2007.

On September 24, 2007, plaintiff filed a motion to compel discovery, unhappy with a handful of discovery responses he had received from defendants on August 2, 2007. *See* dkt. 24 and attachments thereto. Defendants did not respond, so the court took the motion under advisal on October 12, 2007 and granted it in part. *See* dkt. 25.

Plaintiff did not file a response to the summary judgment motion on October 17, 2007. On October 18, 2007, this court received plaintiff's motion (dated October 15, 2007) to stay the summary judgment briefing schedule because he has not yet received the information that this court, on October 12, 2007, had ordered the defendants to produce. *See* dkt. 27.[1]

This is too little too late. Plaintiff received the disputed discovery responses 6½ weeks before the summary judgment deadline, yet he waited until a week *after* defendants filed their summary judgment motion to seek relief. At that time, he did not alert the court or the defendants that he would seek more time to file his summary judgment response because of the discovery dispute. Only after receiving the court's ruling, and two days before his 30 day response deadline ran, did plaintiff prepare his request for a stay.

---

[1] On October 16, 2007, defendants had filed an anticipatory motion to extend their summary judgment reply deadline, expecting that plaintiff would timely file his response. *See* dkt. 26.

Plaintiff is an intelligent, articulate, veteran litigant in this court. He knows better than this. Even if he didn't, the pretrial conference order in this case explicitly warned him, in bolded, capitalized text no less, not to attempt such an end run around his submission deadline. I also note that the information this court ordered disclosed represents but a small fraction of the total amount of discovery plaintiff sought and received without incident from defendants. If the information that I ordered defendants to divulge was so critical to plaintiff's response to the summary judgment motion, then his failure to attend to this matter sooner is even less understandable and less forgivable.

It is ORDERED that plaintiff's motion to stay summary judgment is DENIED. Defendants' motion now is under advisal to the court.

Entered this 19th day of October, 2007.

BY THE COURT:
/s/
STEPHEN L. CROCKER
Magistrate Judge

3